**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| ex rel. SALVADOR HERRERA, ) | | |
| ) | | |
| Petitioner, ) | No. 15 C 5861 | |
| ) | | |
| v. ) | Judge Jorge Alonso | |
| ) | | |
| STEPHEN DUNCAN, Warden, ) | | |
| ) | | |
| Respondent. ) | | |

**MEMORANDUM OPINION AND ORDER**

Salvador Herrera has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § ("section") 2254 challenging his state criminal conviction for first degree murder. Respondent has filed a motion to dismiss the petition as untimely. For the reasons set forth below, the Court grants the motion.

**Facts**

On February 10, 2006, Herrera was convicted of first degree murder in state court. (Pet. at 1.) On November 9, 2007, the appellate court affirmed his conviction, and on January 30, 2008, the Illinois Supreme Court denied his petition for leave to appeal. (*Id.* at 2.)

On June 25, 2008, Herrera filed a state post-conviction petition, which was denied on August 20, 2008. (*Id.*) Herrera did not file a timely appeal.

On January 30, 2013, however, the state appellate court permitted Herrera to file a late notice of appeal from the denial of his post-conviction petition. (See Pet., Ex. E at 4, *People v. Herrera*, No. 1-13-0420 (Ill. App. Ct. Sept. 20, 2014).) On September 30, 2014, the appellate court affirmed

the trial court's denial of the petition (*id.* at 1), and on January 28, 2015, the Illinois Supreme Court denied Herrera's petition for leave to appeal (Pet. at 3).

On June 28, 2015, Herrera filed this § 2254 petition.

**Discussion**

To be timely, a § 2554 petition must be filed, as relevant here, within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Herrera did not seek a writ of certiorari from the Supreme Court, his conviction became final when the time for doing so expired, *i.e.*, April 29, 2008, ninety days after the Illinois Supreme Court denied his petition for leave to appeal. *See* S. Ct. R. 13 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); *Smith v. Battaglia*, 415 F.3d 649, 652 (7th Cir. 2005) ("Smith's conviction became final on January 2, 1996, which was the time when his opportunity to file a petition for certiorari from the Illinois Supreme Court's decision denying leave to appeal expired."); *see* Fed. R. Civ. P. 6(a)(1) (stating that a time period of days is computed by "exclud[ing] the day of the event that triggers the period" and "includ[ing] the last day of the period").

The limitations period ran for 56 days until June 25, 2008, when Herrera filed his petition for post-conviction relief. *See* 28 U.S.C. § 2244(d)(2) (excluding from the § 2254 limitations period "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending"). Because plaintiff did not timely file an appeal from the denial of his post-

2

conviction petition, the limitations period began running again when the thirty-day period for filing an appeal elapsed, *i.e.*, September 21, 2008. *See* Ill. S. Ct. R. 651(d) (stating that "[t]he procedure for an appeal in a post-conviction proceeding shall be in accordance with the rules governing criminal appeals"); Ill. S. Ct. R. 606(b) (stating that a criminal appeal shall be filed within thirty days after entry of judgment). The limitations period expired 309 days later, on July 27, 2009, nearly six years before he filed this case.[1]

Herrera argues, however, that the statute of limitations should be equitably tolled because the state court wrongly denied his 2008 motion for an extension of time to file an appeal and his 2009 leave to file a late appeal. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (equitable tolling applies when petitioner proves "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Even if the state court erred, an issue the Court does not decide, that fact neither explains nor excuses plaintiff's decision to wait until June 2015 to file this petition. In short, plaintiff has not shown that he pursued his rights diligently. Therefore, equitable tolling does not apply.[2]

---

[1]The fact that plaintiff later obtained leave to file a late appeal does not change this result. *See Griffith v. Rednour*, 614 F.3d 328, 330 (7th Cir. 2010) ("[S]tate courts' decision do not have retroactive effect. Once a petition has stopped being 'pending,' nothing a state court does will make it 'pending' during the time after the federal clock began to run and before another paper is filed in state court. . . . [I]f a state court accepts an untimely filing, a proceeding is 'pending' from the paper's filing date.").

[2]Herrera does not argue that the actual innocence tolling doctrine applies. *See McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013) (limitations period is tolled if petitioner "persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt") (quotation omitted).

3

## **Conclusion**

For the reasons set forth above, the Court grants respondent's motion to dismiss Herrera's § 2254 petition as untimely [9] and terminates this case. Moreover, because Herrera has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**                    **ENTERED:**    October 14, 2015

_____
**HON. JORGE L. ALONSO**
**United States District Judge**